**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JOSHUA ARROYO, #2022000591,

                           Plaintiff,

          -against-

NASSAU COUNTY CORRECTIONAL,

                           Defendant.
-----------------------------------------------------------------X

**FILED**
**CLERK**
10:47 am, Nov 02, 2022
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**MEMORANDUM & ORDER**</u>
22-CV-5611(GRB)(LGD)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by *pro se* plaintiff Joshua Arroyo ("Plaintiff") while incarcerated at the Nassau County Correctional Center (the "Jail") in relation to his complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against "Nassau County Correctional" ("Defendant").    Docket Entry "DE" 1, 5.   Upon review, the Court finds that Plaintiff has not alleged a plausible claim, and, for the reasons that follow, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

**1.  Summary of the Complaint[1]**

Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and is brief.   *See* DE 1.   In its entirety, Plaintiff alleges that, while at the Jail:

> On 7/17/22 a sprinkler had broke in a cell in E1C.   There was so much water every where so the COs had us come out of our cells, and start cleaning up the water.   In results to us cleaning up the water, I slipped and fell and hurt my back and neck so much that I thought I broke something because I couldn't move.   The correctional officers had us inmates cleaning up the water and because of that I fell.

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

DE 1 at 4, ¶ II.   In the space on the form complaint that asks for a description of any injuries suffered as a result of the events alleged, Plaintiff wrote: "My back and neck is in a lot of pain till this day, I went to the hospital, then I was sent to a medical dorm in the jail.   But then when I was discharged I told the head doctor my body still hurt she said 'you'll be fine.'" *Id.* at 4, ¶ II.A.   For relief, Plaintiff seeks "[a]nything to make the pain go away and an injury attorney because I don't think it was my job to clean up the water. . . ."  *Id.* at 5, ¶ III.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

## I.     *In Forma Pauperis*

Upon review of the IFP application, the Court finds that plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee.   Therefore, the application to proceed IFP (DE 5) is granted.

## II.    Sufficiency of the Pleadings

As Judge Bianco summarized,

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as soon as it makes such a determination.   *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429

2

U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d

3

Cir. 1993).   To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law.   *See id*.   The Court analyzes plaintiff's Section 1983 claim below.

## I.      The Jail Cannot Be Sued Independently

Plaintiff names the Jail as the sole Defendant.   However, this entity has no independent legal identity apart from the municipality, Nassau County.   *Neira v. County of Nassau*, No. 13-CV-07271(JMA)(AYS), 2022 WL 4586045, at *10 (E.D.N.Y. Sept. 29, 2022) (*sua sponte* dismissing Section 1983 claim brought against the Jail finding it is "without a legal identity separate and apart from the County, [] lack[ing] the capacity to be sued") (citing *Davis v. Riverhead Correction Facility*, No. 11-CV-5667, 2011 WL 6131791, at * 2 (E.D.N.Y. Dec. 6, 2011)); *Gleeson v. County of Nassau*, No. 15-CV-6487, 2019 WL 4754326, at *14 (E.D.N.Y. Sept. 30, 2019) (finding the Jail and Sheriff's Department were not proper parties because they are administrative arms of Nassau County).   Thus, Plaintiff's claim against the Jail is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii); 1915A(b)(1).   Given Plaintiff's *pro se* status and the Court's responsibility to liberally construe his complaint, the Court considers next whether he has plausibly alleged a Section 1983 claim when construed as against the municipality, Nassau County.

Municipal governments, like Nassau County, may be held liable under Section 1983 "only for unconstitutional or illegal policies, not for the illegal conduct of their employees."   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).   Thus, Nassau County could only face liability if Plaintiff alleged a pattern or practice of such conduct.   As is readily apparent, Plaintiff's complaint is devoid of any such allegations.   Plaintiff has not pled that the allegedly unconstitutional

condition of his confinement at the Jail was the result of a policy or practice of Nassau County. *See*, *e.g.*, *Joyner-El v Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom"). Accordingly, since Plaintiff has failed to allege any facts from which the Court could reasonably discern a municipal liability claim, his Section 1983 claim as construed against Nassau County is not plausible and is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## II.    The Complaint Does Not Allege A Constitutional Deprivation

Liberally construed, Plaintiff challenges the conditions of his confinement at the Jail. However, Plaintiff has not alleged whether he is a convicted prisoner or a pretrial detainee.[2]   DE 1, *in toto*.   Regardless, all "[p]risoners and detainees have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security."   *McKoy v. Suffolk County Corr. Facility*, No. 21-CV-1873, 2022 WL 1092385, at *2 (E.D.N.Y. Apr. 12, 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). However, it is well-established that a "slip and fall claim does not implicate a constitutional

---

[2]  Plaintiff's custody status is relevant because, if he is a pretrial detainee, his claim arises under the Due Process Clause of the Fourteenth Amendment; but, if he is a convicted prisoner, these claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment.   *See, e.g.*, *El Dey v. Bd. of Correction*, No. 1:22-CV-2600 (LTS), 2022 WL 2237471, at *8 (S.D.N.Y. June 22, 2022) (citing *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).

deprivation." *Licari v. Toulon*, No. 22-CV-00148(JMA)(SIL), 2022 WL 493210, at *5, n.2 (E.D.N.Y. Feb. 17, 2022) (citing *Baptiste v. Nassau Cty. Jail*, No. 15-CV-0870, 2015 WL 1877717, at *4 (E.D.N.Y. Apr. 23, 2015) (citing *Carr v. Canty*, 10-CV-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011)) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [ ] alleges that the individual defendants had notice of the wet condition but failed to address it.'") (ellipsis and second alteration in original) (quoting *Edwards v. City of New York*, 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009)); *Jennings v. Horn*, 05-CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); *Powers v. Gipson*, 04-CV-6883, 2004 WL 2123490, at *2 (W.D.N.Y. Sept. 14, 2004) (*sua sponte* dismissing *in forma pauperis* complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983") (additional citation omitted)).

Thus, at best, Plaintiff's allegations about injuries caused by a slip and fall from water on the floor at the Jail may suggest a state law claim for negligence. "Merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law." *McKoy*, 2022 WL 1092385, at *2 (citing *Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (although official's negligence led to serious injury, the Constitution requires no procedure to compensate

6

injury arising from negligence); *Brown v. New York City Dep't of Corr.*, No. 17-CV-420 (BMC), 2017 WL 473874, at *2 (E.D.N.Y. Feb. 3, 2017) ("[C]ourts have routinely found that allegations of a wet floor that cause a prisoner to slip and fall at most support a finding of simple negligence, and therefore do not reach the level of a constitutional violation required for a § 1983 claim.") (citing cases)).   Accordingly, Plaintiff's Section 1983 claim is not plausible and is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).   However, leave to amend is not required where it would be futile.   *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Given that Plaintiff's claim concerning the slip and fall could not be cured with amendment, leave to amend that claim would be futile.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 5) is granted. However, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).   Plaintiff may pursue any valid claims he may have, including negligence, in state court.   The Clerk of the Court shall enter judgment accordingly and mark this case closed.   The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.


Dated:        November 2, 2022                          _____/s/_____
              Central Islip, New York                   **Hon. Gary R. Brown**
                                                        **United States District Judge**

8